**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CAROL THOMAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 2:11-cv-01732-RCJ-RJJ |
| ) | |
| FEDERAL BUREAU OF INVESTIGATION et ) | **ORDER** |
| al., ) | |
| ) | |
| Defendants. ) | |

The Court previously denied Plaintiff's motion to proceed *in forma pauperis*, ruling that amendment of the affidavit was futile. The Court denied the motion to proceed *in forma pauperis* because the affidavit of poverty indicated that Plaintiff's husband was employed, which is relevant to the determination of Plaintiff's ability to pay fees and costs without foregoing the necessities of life. *See Adkins v. E.I. Dupont de Nemours & Co.*, 335 U.S. 331, 339 (1948); *Monti v. McKeon*, 600 F. Supp. 112, 114 (D. Conn. 1984). But Plaintiff did not specify her husband's income. Plaintiff was attempting to sue three private entities and the Federal Bureau of Investigation ("FBI") for unspecified harassment. Plaintiff identified no legal theories entitling her to relief, but only noted that she believed unidentified defendants, or others, had broken into her apartment and hacked into her computer. Plaintiff filed the proposed complaint on a civil rights form complaint, but none of the proposed defendants were state actors amenable

1   to claims under 42 U.S.C. § 1983.  Plaintiff also appeared to demand certain information from
2   the FBI, but she did not allege having filed a Freedom of Information Act ("FOIA") request with
3   the FBI.  *See United States v. Steele*, 799 F.2d 461, 465–66 (9th Cir. 1986) (citing 5 U.S.C.
4   § 552(a)(1)–(4)) ("The complainant must request specific information in accordance with
5   published administrative procedures and have the request improperly refused before that party
6   can bring a court action under the FOIA." (citations omitted)).  The Court therefore denied the
7   motion for leave to proceed *in forma pauperis* and ordered the Clerk not to accept an amended
8   affidavit of poverty if the same proposed complaint was attached thereto.

9       Plaintiff has filed a Motion to Reopen Case (ECF No. 13), as well as a new Motion to
10  Proceed in Forma Pauperis (ECF No. 14), with no further proposed complaint attached thereto.
11  The motion to reopen case is handwritten, and it reads in its entirety: "Freedom of Information
12  Act to get names and Addresses to file cease and Deassits order DT order [sic] The harassment
13  has started again. - ASAP." (*Id.*).  Plaintiff's motion appears to be a FOIA request.  Even if the
14  Court were to accept the new affidavit of poverty, Plaintiff must make her FOIA request directly
15  to the FBI.  Only if the FBI denies the request will this Court be able to review the denial.  *See*
16  *Steele*, 799 F.2d at 465–66.

17      The affidavit of poverty is insufficient, in any case.  Plaintiff indicates in her new
18  affidavit of poverty that her husband earns approximately $30,000 per year and that recurring
19  monthly expenses are $1269, possibly higher due to fluctuating gasoline and electricity costs.
20  Plaintiff indicates her husband's wage rate is $14.50 per hour, which comes to $30,160 per year
21  assuming full-time employment with no overtime, or $2513.33 in an average month.  After
22  federal income taxes, this comes to approximately $26,061 per year, or $2171.75 in an average
23  month, leaving a monthly surplus of $902.75 unaccounted for in the affidavit.  The affidavit does
24  not account for food and clothing, but even assuming $500 per month, this still leaves
25  approximately $400 per month, which is sufficient to afford a one-time $350 filing fee.

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion for Leave to Proceed in Forma Pauperis (ECF No. 14) is DENIED.

IT IS FURTHER ORDERED that the Motion to Reopen Case (ECF No. 13) is DENIED.

IT IS SO ORDERED.

Dated this 14th day of March, 2012.

_____
ROBERT C. JONES
United States District Judge