# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| CAROL THOMAS, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> FEDERAL BUREAU OF INVESTIGATION et ) <br> al., ) <br> ) <br> Defendants. ) <br> ) | 2:11-cv-01732-RCJ-RJJ <br><br> **ORDER** |

The Court previously denied Plaintiff's motion to proceed *in forma pauperis*, ruling that amendment of the affidavit was futile. The Court denied the motion to proceed *in forma pauperis* because the affidavit of poverty indicated that Plaintiff's husband was employed, which is relevant to the determination of Plaintiff's ability to pay fees and costs without foregoing the necessities of life. *See Adkins v. E.I. Dupont de Nemours & Co.*, 335 U.S. 331, 339 (1948); *Monti v. McKeon*, 600 F. Supp. 112, 114 (D. Conn. 1984). But Plaintiff did not specify her husband's income. Plaintiff was attempting to sue three private entities and the Federal Bureau of Investigation ("FBI") for unspecified harassment. Plaintiff identified no legal theories entitling her to relief, but only noted that she believed unidentified defendants, or others, had broken into her apartment and hacked into her computer. Plaintiff filed the proposed complaint on a civil rights form complaint, but none of the proposed defendants were state actors amenable

to claims under 42 U.S.C. § 1983. Plaintiff also appeared to demand certain information from the FBI, but she did not allege having filed a Freedom of Information Act ("FOIA") request with the FBI. *See United States v. Steele*, 799 F.2d 461, 465–66 (9th Cir. 1986) (citing 5 U.S.C. § 552(a)(1)–(4)) ("The complainant must request specific information in accordance with published administrative procedures and have the request improperly refused before that party can bring a court action under the FOIA." (citations omitted)). The Court therefore denied the motion for leave to proceed *in forma pauperis* and ordered the Clerk not to accept an amended affidavit of poverty if the same proposed complaint was attached thereto.

Plaintiff then filed a Motion to Reopen Case (ECF No. 13), as well as a new Motion to Proceed in Forma Pauperis (ECF No. 14), with no further proposed complaint attached thereto. The motion to reopen case was handwritten, and it read in its entirety: "Freedom of Information Act to get names and Addresses to file cease and Deassits order DT order [sic] The harassment has started again. - ASAP." (*Id.*). Plaintiff's motion appeared to be a FOIA request. The Court ruled that even if it were to accept the new affidavit of poverty, Plaintiff must make her FOIA request directly to the FBI. Only if the FBI denies the request would this Court be able to review the denial. *See Steele*, 799 F.2d at 465–66. The affidavit of poverty was insufficient, in any case.

Plaintiff has filed two new motions. The first motion for a "cease and desist order" appears to be a nonspecific motion for an injunction against harassment by the FBI. This motion is denied, as the standards for a preliminary injunction are not satisfied.

The second motion appears to be a grievance about the improper withholding of income tax refunds in satisfaction of student loan debts Plaintiff alleges were discharged in bankruptcy. This motion is denied. Plaintiff has not sued the Commissioner of the IRS and has not filed any complaint or sufficient affidavit of poverty.

///

///

## CONCLUSION

IT IS HEREBY ORDERED that the Motion for Cease and Desist Order (ECF No. 17) is DENIED.

IT IS FURTHER ORDERED that the Motion (ECF No. 18) is DENIED.

IT IS FURTHER ORDERED that the Clerk shall accept no further filings from Plaintiff in this case.

IT IS SO ORDERED.

Dated This 11th day of May, 2012.

_____
ROBERT C. JONES
United States District Judge